IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITTANY COLOMBO, on behalf of R. N.-C., a Minor, as Parent and Natural Guardian<br><br>Plaintiff,<br><br>   v.<br><br>NESHANNOCK TOWNSHIP AREA SCHOOL DISTRICT,<br><br>Defendant. | Civil Action No. 24-1308<br>Judge Nora Barry Fischer |

**MEMORANDUM OPINION**
**ON DEFENDANT'S MOTION TO DISMISS**

**I.   INTRODUCTION**

Plaintiff Brittany Colombo ("Plaintiff" or "Colombo"), on behalf of her 15-year-old son ("RNC"), a sophomore at Defendant's high school, brings a complaint of one count, styled as a Section 1983 due process violation claim (Docket No. 11, Amended Complaint; Docket No. 19 at 1), arising from RNC's March 16, 2023 suspension from school for alleged sexual harassment of a particularly "offensive" nature complained of by six of his female student peers. Presently before the Court is a Motion to Dismiss brought by Defendant pursuant to Federal Rules of Civil Procedure 12(b)(6), together with Defendant's Brief in Support, Plaintiff's Response in Opposition and Defendant's Reply. (Docket Nos. 13, 14, 19, 20). The motion has been fully briefed and the parties have not requested oral argument. After consideration of the parties' arguments together with other applicable law, and for the following reasons, Defendant's Motion to Dismiss is denied.

1

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes the allegations raised are true and construes them in the light most favorable to Plaintiff for purposes of the present motion. *See* Docket No. 11; *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016); Section III, *infra*.

Plaintiff alleges that RNC, a 10th grade student at Defendant's high school,[1] was called to Principal Alicia Measel's office, where Township police officer Matthew Seamans was also present, (a) accused of making the same offensive statement to six female students and (b) directed to remain out of school and participate by Zoom for two weeks in addition to his three-day suspension. (Docket No. 11 at ¶¶ 12-13, 18). Shortly thereafter, Colombo was called into the high school by Principal Measel and, on arriving near the end of the school day, was spoken to in another area, "segregated" from her son. Colombo was informed that RNC was being suspended for three days and was to be kept "from in person attendance for another two weeks." (*Id.* at ¶¶ 14-15). That same day, RNC received an out-of-school suspension for three (3) days, for a Level IV Sexual Harassment offense - effective March 20, 21 and 22, 2023 - and was directed to remain out of school and participate by Zoom for an additional two weeks. (*Id.* at ¶¶ 16-18).[2] The Amended Complaint further asserts, among other things, that Plaintiff "was denied the opportunity to defend himself from the accusations." (*Id.* at ¶¶ 59-60).[3]

---

[1] Plaintiff avers that RNC is a disabled student who had an Individualized Education Program ("IED") in place and multiple school-year "disrespectful" conduct reprimands/detentions/counselor meetings. (Docket No. 11 at ¶¶ 6-10).

[2] The Amended Complaint is less than clear as to whether this is meant to assert that Plaintiff or RNC received a written as well as oral notice of suspension. Friday, March 17th, being a holiday, RNC was therefore suspended and absent from school on the following Monday through Wednesday. Although Plaintiff repeatedly characterizes this as a 17-day suspension, Defendant avers that one week is comprised of five (5) school days and thus a two-week suspension is, as implemented, comprised of ten (10) consecutive sanctioned school days. The pleadings anticipate material fact questions as to whether the suspension initially imposed was for 10 or 13 (or, perhaps less probably and perhaps immaterially under the applicable statutory law, 17) days.

[3] In the context of other allegations and briefings, the Court understands this may be intended to aver that RNC was not afforded (versus expressly refused) an opportunity to respond. *Compare* Docket No. 20 at 2 (asserting that the Complaint alleges that Plaintiff and RNC were "provided . . . the opportunity to respond").

On Wednesday, the final day of RNC's three-day full suspension, Colombo spoke to Principal Measel and requested RNC be allowed to return to school. He was permitted to return to the building on March 24th, Friday; "[h]owever, he was secluded . . . [and] kept in a single special education classroom throughout the day, including lunch" to be monitored. (*Id.* at ¶¶ 19-20). Colombo then communicated that RNC was severely struggling emotionally and academically, and his classroom seclusion was contrary to his IEP. On Tuesday, March 28th, he "was permitted to return to in school education." (*Id.* at ¶¶ 27-28).[4]

Plaintiff's Complaint was first brought on September 16, 2024 and amended on January 6, 2025. (Docket Nos. 1 and 11). The Amended Complaint alleges a claim under 42 U.S.C.A. § 1983 on grounds that Defendant violated RNC's procedural due process rights under the Pennsylvania Administrative Code, 22 Pa. Code § 12 (2005) (the "School Code") and the Fourteenth Amendment.[5] Defendant asserts, in its Motion to Dismiss and its Reply, that all due process was afforded; it also posits that (a) its "request" that RNC attend its "online campus" was a designation of an "alternative educational setting" challengeable only through IDEA

---

Plaintiff further avers that RNC/Plaintiff was "never given specific notice of the charges against him", nor an opportunity to question or present witnesses, nor notice of a right to an informal hearing or a " manifestation hearing pursuant to 20 U.S.C.A. section 1415(h)(E)". (*Id.* at ¶¶22-24, 26). Again, in the context of other allegations and briefings, the Court understands Plaintiff's averment regarding insufficient notice may be intended to object to Defendant's failure to fully detail or provide the statements which may have been obtained from the female students prior to RNC's suspension. *Cf.* Section IV, discussing provisions of applicable statutory law.

[4] Plaintiff avers that RNC was subsequently charged with six counts each of summary disorderly conduct and summary harassment under Pennsylvania law, and was found guilty on five counts (corresponding to the number of female students who testified) at trial before the District Magistrate Judge, but all chargers were withdrawn by the Commonwealth of Pennsylvania while Plaintiff's appeal was pending. (*Id.* at ¶¶ 32-39).

[5] Although the Amended Complaint is less than clear, Plaintiff's Brief in Opposition to the pending Motion clarified that Plaintiff is not alleging a due process violation under the Individuals with Disabilities Education Act ("IDEA"), but intended and continues to aver that RNC's disability status may have entitled him to more process. (Docket No. 19 at 4-5, 7-8). To the extent Plaintiff alleged an IDEA claim, it appears such claim might well have been precluded by Plaintiff's failure to exhaust other remedies (as both parties observe). *See* Docket Nos. 11, 14 and 19. *Cf. Big Beaver Falls Area Sch. Dist. v. Jackson By & Through Nesmith*, 624 A.2d 806 (Pa. Cmwlth. Ct. 1993) (finding that disabled student's exclusion from classrooms was *de facto* exclusion from school under facts of case and on school's appeal from administrative proceedings which were first exhausted); *Z.H. ex rel. Berish v. Penn Hills Sch. Dist.*, 2013 WL 3007753 (W.D. Pa. Jan. 25, 2003) (providing alternative school premises educational setting).

administrative proceedings, and (b) due process potentially owed under its sanction as initially "propos[ed]" was rendered moot when Defendant agreed to let RNC return to school on day four, March 23rd. (Docket Nos. 14 and 20).

As said motion has been fully briefed, it is now ripe for disposition.

### III.    APPLICABLE LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain enough facts to state a claim to relief that is plausible on its face."  *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265 (3d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Plausibility exists somewhere between "possible" and "probable."  The former necessitates factual allegations that are "more than merely consistent with a defendant's liability."  *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).  But the latter only demands that the court be able "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1937 (citations omitted). In keeping with Rule 8 of the Federal Rules of Civil Procedure, detailed allegations are not necessary; however, the complaint must contain "more than labels and conclusions" or "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citations omitted).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a three-step process in evaluating a Rule 12(b)(6) motion to dismiss.  *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022).  First, the court must set out the elements of the plaintiff's claim; second, identify and disregard any "formulaic recitation of the elements" or allegations that are "so threadbare or speculative" as to amount to nothing more

than mere conclusory statements; and, finally, evaluate "the plausibility of the remaining allegations" by assuming their veracity and "construing them in the light most favorable to the plaintiff[.]"  *Id*. at 327-328 (alteration, internal quotation marks, and citations omitted).  In addition, courts must draw all reasonable inferences in favor of the plaintiff.  *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790-791 (3d Cir. 2016).

IV.  ANALYSIS

    A.  Threshold - § 1983 Requirement of "Person Acting Under Color of State Law"

Pursuant to 42 U.S.C. § 1983, private citizens are afforded a means to redress violations of federal law committed by state actors.  In pertinent part, § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id*.  Section 1983 is not a source of substantive rights, but merely a method for vindicating violations of federal law.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996).  To establish a Section 1983 claim, a plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  *Id.* (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir.1995)).  The pending motion does not dispute that Principal Measel was acting under color of law with regard to the matter alleged.

    B.  Plaintiff Sufficiently Alleges a Violation of Due Process

The Pennsylvania School Code categorizes "exclusions from school" of up to and including ten (10) days as "suspensions" and those of more than ten (10) days as (temporary) "expulsions"; and it requires increasing due process for exclusions of one (1) through three (3)

days (principal's notification/student's response); greater than three (3) through ten (10) days (informal hearing); and more than ten (10) days (formal hearing). *See* 22 Pa. Code at §§ 12.6 and 12.8.[6]

And as the Court of Appeals for the Third Circuit has held:

> Under the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1. "Protected interests in property are normally 'not created by the Constitution. Rather, they are created and their dimensions are defined' by an independent source such as state statutes or rules entitling the citizen to certain benefits." *Goss v. Lopez,* 419 U.S. 565, 572–73, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (citing *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Here, on the basis of state law, [plaintiff] has a legitimate claim of entitlement to a public education.[3] *Cf. id.* at 573, 95 S.Ct. 729 (finding that on the basis of Ohio state law, appellees had a legitimate claim of entitlement to public education).
>
> Once it is determined that due process applies, the question still remains what process is due. *Id.* at 577, 95 S.Ct. 729. In *Goss,* the Supreme Court laid down the minimum process required with respect to a suspension of ten days or less of a public school student. "[I]n connection with a suspension of 10 days or less . . . the student [must] be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Id.* at 581, 95 S.Ct. 729. "The Clause requires at least these rudimentary precautions against unfair or mistaken findings of misconduct and arbitrary exclusion from school." *Id.* Furthermore,
>
>> There need be no delay between the time 'notice' is given and the time of the hearing. In the great majority of cases the disciplinarian may informally discuss the alleged misconduct with the student minutes after it has occurred. We hold only that, in being given an opportunity to explain his version of the facts at this discussion, the student first be told what he is accused of doing and what the basis of the accusation is . . . . Since the hearing may occur almost immediately following the misconduct, it follows that as a general

---

[6] The Court notes, however, that the Code differentiates "in-school suspensions", which refer to exclusions "from regular classes" (as opposed to "from school") and require an informal hearing only for suspensions of more than 10 days. 22 Pa. Code § 12.7; *Big Beaver Falls*, 624 A.2d at 807. The Court need not at this juncture request briefing on the case law of "in-school suspensions" as to, *e.g.*, a student's restriction to virtual class attendance in the school building exclusive of any physical class or lunchroom participation.

> rule notice and hearing should precede removal of the student from school.

*Id.* at 582, 95 S.Ct. 729.

*Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.,* 422 F.3d 141, 149–50 (3d Cir. 2005) (quoting *Goss* and finding due process met where student testified that allegations against him were disclosed and he provided his counter-narrative in reply).

The parties do not dispute that on March 16, 2023, RNC was suspended from school (*i.e.*, he was excluded from any attendance) for three days as sanction for six female students' accusations of offensive sexual harassment. The School Code, 22 Pa. Code § 12.6, provides that suspensions of up to and including three (3) days require the student be provided process consistent with the minimum process specified by the Supreme Court in *Goss*: notice of charges made and identification of the reasons with opportunity to respond if the student denies them. The Code also provides that the parent be given notification in writing of the suspension and that the principal may have authority over this process. *Id.*; *see also* Docket No. 10 at 6.[7]

As Plaintiff alleges that RNC was called into the presence of the Principal and a Township Police Officer where he was advised of the allegations against him and exclusions being imposed, and as Plaintiff alleges he was not afforded an opportunity to present a defense, he has, under the presently applicable requirements of Rule 8 and the plausibility standard of

---

[7] The Code also provides, as to suspensions of great than three (3) and up to and including ten (10) days, as follows:

> (2) The following due process requirements shall be observed in regard to the informal hearing:
> (i) Notification of the reasons for the suspension shall be given in writing to the parents or guardians and to the student.
> (ii) Sufficient notice of the time and place of the informal hearing shall be given.
> (iii) A student has the right to question any witnesses present at the hearing.
> (iv) A student has the right to speak and produce witnesses on his own behalf.
> (v) The school entity shall offer to hold the informal hearing within the first 5 days of the suspension.

22 Pa. Code § 12.8(c)(2).

7

Rule 12(b)(6), sufficiently alleged that he was denied the full procedural process due to him under the Pennsylvania Administrative Code and the 14th Amendment.[8]  Defendant's Motion to Dismiss will therefore be denied.

The Court further notes, however, that should Plaintiff prove unable to maintain this basis for this Section 1983 claim through the higher standards of proof required at summary judgment or trial, the allegations of the Amended Complaint suggest questions of law and fact regarding

(a) the additional process – such as an informal hearing - potentially due for additional days of exclusion from school, *e.g.*, as initially imposed (a two-week exclusion) or as implemented; and

(b) the process afforded;

that may provide an alternative basis.[9]  Be that as it may, the Court need not consider them further at this juncture of the proceedings.

## V.     CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Docket No. 13) is denied. An appropriate Order follows.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:  March 17, 2025

cc/ecf: All counsel of record

---

[8] Although Plaintiff places this allegation under her "Count" rather than the preceding "Background" section of her Amended Complaint, the Court views her pleading under the presently applicable standard.  *See* Section III, *supra*.

[9] Questions of law may then include, *e.g.*, whether Defendant's initial imposition of a specific "two-week" (total or additional) at-home exclusion required additional due process in the form of an informal (or even a formal) hearing within the time prescribed under the Code. *Cf.* Docket No. 20 at 2 n.1 (citing *Wooleyhan v. Cape Henlopen School Dist.*, 2011 U.S. Dist. LEXIS 53541, at *42 (D. Del. May 17, 2011) for proposition that where a suspension is initially indefinite, the process due is determined by the suspension ultimately imposed).  This proposition appears both reasonable and readily distinguishable.